IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID H. DUPREE | ) | |
| 3837 Bonnie View | | |
| Knoxville, TN 37914 | ) | |
| | | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| | | |
| v. | ) | (formerly No. 2007-CA-001561B in the |
| | | Superior Court for the District of Columbia) |
| ENTERPRISE LEASING COMPANY | ) | |
| A MARYLAND CORPORATION | | |
| 2273 Research Boulevard | ) | |
| Rockville, Maryland 20850 | | |
| | ) | |
| and | | |
| | ) | |
| FORD MOTOR COMPANY | | |
| Suite 300, Parklane Towers West | ) | |
| Three Parklane Boulevard | | |
| Dearborn, Michigan 48126-2568 | ) | |
| | | |
| Defendants. | ) | |

_____

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Defendants, Ford Motor Company ("Ford") and Enterprise Leasing Company a Maryland

Corporation d/b/a Enterprise Rent-A-Car Company,[1] by and through their respective undersigned

counsel, pursuant to 28 U.S.C. §§ 1332 and 1441, respectfully remove to this Court a civil action

filed by Plaintiff David H. Dupree in the Superior Court for the District of Columbia, Case No.

0001561-07. Without admitting any of the allegations of the Complaint, Defendants' grounds

for removing this action are as follows:

1.      Plaintiff commenced this action in the Superior Court for the District of

Columbia, Case No. 0001561-07, on February 23, 2007.

_____

[1] In his Complaint, Plaintiff identifies the Defendant as Enterprise Rent-A-Car Company.
Enterprise Rent-A-Car Company is a trade name used by Enterprise Leasing Company a
Maryland Corporation. Accordingly, the proper name of the Defendant is Enterprise Leasing
Company a Maryland Corporation.

2.      Copies of all process, pleadings, and orders served upon Ford and Enterprise in the Superior Court action are attached hereto as Exhibit 1.

3.      This action is removable to this Court because it is within the original jurisdiction of this Court.  *See* 28 U.S.C. §§ 1332 and 1441(a).  It is obvious from the face of the Complaint that complete diversity of citizenship exists between Plaintiff and the Defendants and that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

4.      Upon information and belief, Plaintiff was at the time of the filing of the Complaint and is at the time of the filing of this Notice of Removal a resident and domiciliary of the State of Tennessee.  *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) (noting that it is presumed that "the state in which a person resides at any given time is also that person's domicile).  Thus, Plaintiff is a citizen of the State of Tennessee.

5.       Defendant Ford was at the time of the filing of the Complaint and is at the time of the filing of this Notice of Removal incorporated in the State of Delaware with its principal place of business in Dearborn, Michigan.  Thus, Defendant Ford is a citizen of both Delaware and Michigan.

6.      Defendant Enterprise is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Maryland with its principal place of business in Rockville, Maryland.  Thus, Defendant Enterprise is a citizen of the State of Maryland.

7.      In the *ad damnum* clause of the Complaint, Plaintiff seeks the sum of $2,500,000.00 in damages, exclusive of costs and interest.

8.      Therefore, diversity jurisdiction existed when the state court lawsuit was filed, upon removal, and at all material times.

9.      This notice of removal has been timely filed pursuant to 28 U.S.C. § 1446(b)

within 30 days after the earliest service of a summons and complaint.

10.     All Defendants consent to and join in this removal.

11.     The Defendants will provide written notice of the filing of this Notice of Removal

to the Clerk of the Superior Court for the District of Columbia and to counsel for Plaintiff.  A

copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 2.

WHEREFORE, the Defendants hereby remove the pending state court action to the

United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1441.

Respectfully submitted,


_____/s/_____
John A. McCauley (Bar No. 460217)
Venable LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland  21201
(410) 244-7400  (tel)
(410) 244-7742  (fax)
jmccauley@venable.com

Attorneys for Defendant,
*Ford Motor Company*


_____/s/_____
Terence J. O'Connell (Bar No. 367054)
O'Connell, O'Connell & Francuzenko, LLC
401 East Jefferson Street, Suite 204
Rockville, Maryland  20850
(301) 424-2300 (tel)
(301) 424-2394 (fax)
toconnell@oconnelllaw.com

Attorneys for Defendant,
*Enterprise Leasing Company*
*A Maryland Corporation*
*d/b/a Enterprise Rent-A-Car Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of April, 2007 a copy of the foregoing

Defendants' Joint Notice of Removal was sent first-class mail, postage prepaid to:

> David H. Dupree, Esq.
> 3837 Bonnie View
> Knoxville, Tennessee  37914
> (240) 305-8483
>
> Plaintiff, *Pro Se*


_____/s/_____
John A. McCauley

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| David H. Dupree | Enterprise Leasing Company a Maryland Corporation d/b/a Enterprise Rent-a-Car Company   and   Ford Motor Company |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Knox County, TN (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| David H. Dupree, Esq. (pro se) 3837 Bonnie View Knoxville, Tennessee 37914 (240) 305-8483 | John A. McCauley        Terence J. O'Connell Venable LLP        O'Connell, O'Conell, Francuzenko, LLC Two Hopkins Plaza, Suite 1800    2273 Research Blvd. Baltimore, MD 21201        Rockville, MD  20850 (410) 244-7400        (301) 424-2300 Attorney for Ford Motor Company    Attorney for Enterprise Leasing Company |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

◉ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☒ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**        OR        ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☐ 446 Americans w/Disabilities- Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC Sections 1332 and 1441 - Plaintiff alleges that Defendants were negligent in maintaining Ford E-150 cargo van despite safety recalls.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 2,500,000.00    Check YES only if demanded in complaint

JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE *4-2-07*    SIGNATURE OF ATTORNEY OF RECORD *John C. Tomlinson, atty for Ford Motor Co.*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DAVID H. DUPREE                              )

               Plaintiff,                    )          Civil Action No. 2007-CA-001561B

v.                                           )

ENTERPRISE LEASING COMPANY                   )
A MARYLAND CORPORATION d/b/a
ENTERPRISE RENT-A-CAR COMPANY  )

      and
                              )

FORD MOTOR COMPANY                           )

              Defendants.                   )
_____)

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Ford Motor Company and Enterprise Leasing Company a

Maryland Corporation d/b/a Enterprise Rent-A-Car Company, Defendants in the above-entitled

action, have duly filed their Notice of Removal on the 2nd day of April, 2007, in the Office of the

Clerk of the United States District Court for the District of Columbia.  Attached hereto is a true

and correct copy of the Notice of Removal, the original of which has been filed in the United

States District Court for the District of Columbia.

                                        */s/ John A. McCauley*_____
                                        John A. McCauley (Bar No. 460217)
                                        Venable LLP
                                        Two Hopkins Plaza, Suite 1800
                                        Baltimore, Maryland  21201
                                        (410) 244-7400  (tel)
                                        (410) 244-7742  (fax)

                                        Attorneys for Defendant,
                                        *Ford Motor Company*

*/s/ Terence J. O'Connell*_____
Terence J. O'Connell (Bar No. 367054)
O'Connell, O'Connell & Francuzenko, LLC
401 East Jefferson Street, Suite 204
Rockville, Maryland  20850
(301) 424-2300 (tel)
(301) 424-2394 (fax)

Attorney for Defendant,
*Enterprise Leasing Company*
*A Maryland Corporation*
*d/b/a Enterprise Rent-A-Car Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April, 2007 a copy of the foregoing Notice

of Filing of Notice of Removal was sent first-class mail, postage prepaid to:

David H. Dupree
3837 Bonnie View
Knoxville, Tennessee  37914

Plaintiff, *Pro Se*

__*/s/ John A. McCauley*_____
John A. McCauley

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

David H. Dupree                              )
3837 Bonnie View                             )
Knoxville, TN  37914                         )
                                             )
     Plaintiff     )    CIVIL ACTION NO. 0001561-07
                                             )
vs.                                          )
                                             )
ENTERPRISE Rent-a-car Company                )
R/A C T Corporation System                   )
1015 15th Street NW Suite 1000               )
Washington, DC 20005                         )
                                             )    Jury Trial Demanded
    and                  )
                                             )
Ford Motor Company                           )
Serve: The Corporation Company               )
30600 Telegraph Road                         )
Bingham Farms, MI    48025                   )
                                             )
    Defendants           )

RECEIVED
CIVIL CLERK'S OFFICE
FEB 2 3 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

### ----COMPLAINT----

1.    Jurisdiction of this action is based upon Title 11  of the Code of the District of Columbia Section 921 (as amended).

2.    Plaintiff David H. Dupree now lives in the state of Tennessee, but at all times herein complained of was a resident of the District of Columbia.

3.    Defendant Enterprise Rent-A-Car Company (Enterprise) is a corporation authorized to do business in the District of Columbia.

4.      Defendant Ford Motor Company (Ford) is a Michigan corporation that sales, leases, licenses, rents or otherwise allows Enterprise Rent-A-Car Company to use its vehicles in its business endeavors within the District of Columbia.

## STATEMENT OF CLAIM

5.      On or about February 17, 2006,  Plaintiff entered into a seven day rental agreement with Defendant Enterprise for the use of a cargo van to be returned on February 24, 2006 at the same location on Missouri Ave. NW, Washington, DC.

6.      Following execution of the agreement, Plaintiff received a Ford E-150 cargo van tag number Virginia JUB-1786 for his use and enjoyment in accordance with the rental agreement.

7.      On or about February 24, 2006, Plaintiff was driving the cargo van traveling north on Interstate 81 in Virginia on his way to the District of Columbia.  Plaintiff was at all times operating the vehicle in a normal and prudent manner.

8.      Believing it was time to exit onto Interstate 66, Plaintiff began to decelerate  and came off the Interstate via Exit 298.  As Plaintiff continued to decelerate he began to apply pressure on the brakes.

9.      As the van was already slowing down, Plaintiff did not realize the brakes were not working normally.

10.     Plaintiff approached the intersection and the vehicle failed to stop.   As a result of the vehicle failing to stop, Plaintiff proceeded through the stop sign, across two lanes eastbound, across the median, across two lanes westbound and  over into a ditch coming to a crash stop up against a tree.

11.     Plaintiff's airbag deployed, the windshield and driver window shattered.

12.    Plaintiff saw a fire ignite in the engine area and gathered the things he could and exited the rear of the vehicle.

13.    Plaintiff called 911 as the van was engulfed in flames and burned until it was put out by fire emergency personnel

14.    Plaintiff was transported to the emergency room of Winchester Medical Center in Winchester Virginia. He was treated and x-rays determined that he had fractures of the third and fourth fingers on his left hand. He was placed in a temporary cast and released sometime after 8:00 a.m..

15.    Plaintiff was taken by friends back into the District of Columbia. He was thereupon seen in the emergency room of Howard University Hospital which confirmed the diagnosis of broken fingers. Plaintiff also had injuries to his back, neck and wrist.

16.    Plaintiff was thereafter seen in Howard University clinic and scheduled for surgery.

17.    On or about May 1, 2006 as Plaintiff was prepped for surgery, the surgeon, Dr. Wilson, determined that surgery would be unnecessary to obtain maximum recovery and cancelled the surgery, releasing Plaintiff from the hospital.

18.    Plaintiff also attended therapy at Ashton Rehabilitation Clinic in Silver Spring, Maryland and Rumbolt Chiropractic in Knoxville, Tennessee.

19.    Despite very good treatment at all places, and the determination that maximum benefit of therapy had been received at Rumbolt Chiropractic, Plaintiff is still unable to make a total fist with his left hand, experiences discomfort writing which impairs his profession and feels pain and extra stiffness during cold weather.

**COUNT I**
**(Negligence)**

20.     Plaintiffs adopt by reference and incorporate in  this count paragraphs 1 through 19 as if completely set forth herein.

21.     Defendant Enterprise, failed to maintain the van properly.  But for the failure of the brakes, Plaintiff would not sustain injuries hand, neck, and back.

22.     As a result of Defendant Enterprise's lack of due care, the brakes on the vehicle rented to Plaintiff failed.

23.     The failure of the brakes was the proximate cause of the accident, causing numerous injuries to Plaintiff, impairing Plaintiff's livelihood and causing permanent injury to Plaintiff's hand.

## COUNT II
### (Negligence Defendant Ford)

24.     Plaintiff adopts by reference and incorporate in  this count paragraphs 1 through 23 as if completely set forth herein.

25.     Defendant Ford was the manufacturer of the van Plaintiff was driving.  Defendant Ford had an agreement with Defendant Enterprise for the leasing and use of its vans and other vehicles. .

26.     Defendant Ford has experienced problems with some of its vehicles involving the speed control deactivation switch which has precipitated some safety recalls.

27.     Defendant Ford currently does not have a recall for its Ford E-150 cargo vans such as the type obtained by Defendant Enterprise and rented to Plaintiff.  However, Defendant Ford knew or should have known as stated on its website that some of its products have been recalled to "repair the speed control system and address the possibility of fires."

28.    Defendant Ford has previously identified problems "that in rare situations may cause some speed control deactivation switches in them to be susceptible to brake fluid leaks and corrosion, which may result in the switch overheating."

29.    Defendant Ford knew or should have known of the propensity for brake failure in its vehicle.

30.    Defendant Ford failed to exercise due care in the braking system of his vehicle and protecting from the propensity of the vehicle to catch on fire.

31.    But for Ford's failure to exercise due care, Plaintiff would not have sustained his injuries.

32.    Defendant Ford's negligence was the proximate cause of Plaintiff's injuries.


AS a result of the action of the Defendants:

1.    Plaintiff has incurred numerous expenses for medical treatment and therapy.

2.    Plaintiff has endured undue emotional distress and mental anguish from being unable to complete projects and move from the Washington, DC area timely which has interfered with Plaintiff's livelihood and with Plaintiff's general welfare.  Plaintiff suffered loss wages, income and potential income.

3.    Plaintiff has been restrained from regular work in his impaired condition from recurring pains and for weeks could not write regularly or type normally and could not engage in the playing of piano or percussion instruments as was his habit and hobby.

4.    Plaintiff has experienced and continues to experience extensive pain, and suffering.

5.    Plaintiff has experienced pain, discomfort, and assorted anomalies from being unable to use his hand and undergo normal day to day routines and only recently began the use of a can opener.

6.    Plaintiff has experienced loss of consortium and marital strain in that since the accident he has been unable to wear his wedding ring on his left hand and continues to be unable to do so without significant discomfort and swelling.

WHEREFORE, Plaintiff demand judgment against the Defendants jointly and severally in the sum of $2,500,000 (Two Million Five Hundred Thousand Dollars) and fees and costs.

Plaintiff respectfully demands a jury trial.

Plaintiffs further prays the court to grant such other and further relief as this court shall deem necessary.

Respectfully Submitted,

David H. Dupree, Esq. Pro se
3837 Bonnie View
Knoxville, TN 37914
(240) 305-8483



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

DAVID H DUPREE
    Vs.                               C.A. No.     2007 CA 001561 B
ENTERPRISE RENT-A-CAR COMPANY

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MAURICE ROSS
Date:   March 1, 2007
Initial Conference: 9:30 am, Friday, May 25, 2007
Location:   Courtroom B-52
              409 E Street, NW
              WASHINGTON, DC  20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| David H. Dupree | |
| *Plaintiff* | **0001561-07** |
| vs. | Civil Action No. |
| Enterprise Rent-a-car Company | |
| *Defendant* | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed  to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

|  | *Clerk of the Court* |
|---|---|
| David H. Dupree, pro se | |
| Name of Plaintiff's Attorney | |
| | By_____ |
| Address | Deputy Clerk |
| 3837 Bonnie View, Knoxville, TN  37914 | |
| (240) 305-8483 | Date 2-23-07 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-436/Mar. 91

**NOTE:**  SEE  IMPORTANT  INFORMATION  ON  BACK  OF  THIS  FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

**If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact** one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services **(682-2700)** for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information **concerning** where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500  Indiana  Avenue,  N.W.,  Room  JM-170
Washington,  D.C.  20001  Telephone:  879-1133

| | |
|---|---|
| David H. Dupree | |
| *Plaintiff* | **0001561-07** |
| **VS.** | |
| Ford Motor Company | Civil  Action  No. |
| *Defendant* | |

## SUMMONS

To  the  above  named  Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| David H. Dupree, pro se | |
| Name of Plaintiff's Attorney | By _____ |
| | Deputy Clerk |
| Address | |
| 3837 Bonnie View, Knoxville, TN  37914 | |
| (240) 305-8483 | Date 2-23-07 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.