IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID H. DUPREE | * | |
|     Plaintiff, | * | |
| v. | * | |
| ENTERPRISE LEASING COMPANY<br>A MARYLAND CORPORATION d/b/a<br>ENTERPRISE RENT-A-CAR COMPANY | *<br><br>* | CIVIL ACTION NO. 1:07-cv-00626 |
|     and | * | |
| FORD MOTOR COMPANY | * | |
|     Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**FORD MOTOR COMPANY'S ANSWER TO COMPLAINT**

Defendant, Ford Motor Company ("Ford"), by its undersigned counsel, hereby answers the Complaint and sets forth its defenses, pursuant to Federal Rules of Civil Procedure 8 and 12, as follows:

1.    Ford denies the allegations in paragraph 1 of the Complaint.

2.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.    Ford denies the allegations in paragraph 4 of the Complaint.

5.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

-2-

6. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Ford is without knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

-3-

17. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Ford hereby incorporates by reference its responses to paragraphs 1 through 19 of the Complaint.

21. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Ford hereby incorporates by reference its responses to paragraphs 1 through 23 of the Complaint.

25. Ford denies the allegations in paragraph 25 of the Complaint, except that it is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning the van Plaintiff was driving, and except that it admits that it manufactures some components of and assembled Ford E-150 cargo vans.

26. Ford denies the allegations in paragraph 26 of the Complaint, and notes that the allegations in Paragraph 26 are vague and ambiguous with respect to specific vehicle(s) and model year(s) involved. Ford specifically denies that it has experienced problems with the E-150

involving the speed control deactivation switch which has precipitated some safety recalls with respect to other vehicles. Ford admits that its website contained the statement that some vehicles assembled and sold by Ford have evidenced problems with the speed control deactivation switch, leading to recalls, and respectfully refers to the Court to the full text of statements on its website for their contents.

27. Ford denies the allegations in paragraph 27 of the Complaint, except that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one of paragraph 27, and it refers to the full text of statements on its website for their contents.

28. Ford denies the allegations in paragraph 28 of the Complaint, and refers to the full text of statements on its website for their contents.

29. Ford denies the allegations in paragraph 29 of the Complaint.

30. Ford denies the allegations in paragraph 30 of the Complaint.

31. Ford denies the allegations in paragraph 31 of the Complaint.

32. Ford denies the allegations in paragraph 32 of the Complaint.

33. Ford denies the allegations in paragraphs 1-6 that follow paragraph 32 of the Complaint.

Ford denies that Plaintiff David H. Dupree is entitled to the relief requested in the *ad damnum* clause of the Complaint.

**ADDITIONAL DEFENSES**

1. The Complaint, or part thereof, fails to state any claim upon which relief can be granted against Ford.

2. The Court lacks personal jurisdiction over Ford.

-5-

      3.      Venue in the District of Columbia is improper, inconvenient, and does not serve the interests of justice.

      4.      The claims asserted in the Complaint may be barred by the applicable statute of limitations and/or statute of repose.

      5.      The claims asserted in the Complaint may be barred, in whole or in part, by estoppel.

      6.      The claims asserted in the Complaint may be barred, in whole or in part, by waiver.

      7.      The claims asserted in the Complaint may be barred, in whole or in part, by res judicata (claim preclusion).

      8.      The claims asserted in the Complaint may be barred, in whole or in part, by collateral estoppel (issue preclusion).

      9.      The claims asserted in the Complaint may be barred, in whole or in part, because of prior adjudication of some or all claims asserted herein.

      10.      The claims asserted in the Complaint may be barred, in whole or in part, by a prior arbitration decision and/or award.

      11.      The claims asserted in the Complaint may be barred, in whole or in part, by a release as to those claims.

      12.      The claims asserted in the Complaint may be barred by the failure to join indispensable parties.

      13.      The claims asserted in the Complaint may be barred, in whole or in part, by payment.

14. The claims asserted in the Complaint may be barred, in whole or in part, by an accord and satisfaction.

15. The claims asserted in the Complaint may be barred, in whole or in part, by spoliation of evidence.

16. The claims asserted in the Complaint may be barred, in whole or in part, by assumption of the risk by Plaintiff.

17. The claims asserted in the Complaint may be barred, in whole or in part, by the contributory or comparative negligence of Plaintiff.

18. The claims asserted in the Complaint may be barred, in whole or in part, by the preemptive effect of federal law.

19. Any injury, loss, or damages that may have been sustained were the result of an independent, intervening agency or instrumentality over which Ford had no control or right of control.

20. Any injury, loss, or damages that may have been sustained were directly and proximately caused by the superseding, intervening acts and omissions of a third party or third parties for which Ford is neither responsible nor liable, including but not limited to the acts and/or omissions of Enterprise Leasing Company a Maryland Corporation.

21. Any conduct allegedly giving rise to liability on the part of Ford is not a substantial cause or factor of the subject incident, or any potential or actual injury or damage, if any.

22. If Plaintiff sustained any injuries, those injuries resulted from or may have resulted from pre-existing or unrelated medical, genetic, or environmental conditions, diseases, or illnesses and not from an act or omission by Ford.

23. Plaintiff may have failed to mitigate his damages.

24. Plaintiff may not have standing or capacity to bring claims against Ford.

25. The vehicle at issue was reasonably fit, suitable, and safe for its intended use.

26. The vehicle at issue was not designed, manufactured, or assembled in a defective manner.

27. If Ford manufactured, assembled, distributed, and/or sold the subject vehicle as alleged, such vehicle may have been substantially modified, altered, or changed after it left Ford's possession, custody, and control.

28. The claims asserted in the Complaint against Ford are barred because the methods, standards, and techniques utilized in designing and manufacturing the Ford product in question were in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product was designed, manufactured and/or supplied.

29. Ford is entitled to set-off, contribution, and/or indemnity should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries. Ford is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

30. Recovery of Plaintiffs' alleged damages are or may be limited by statutory ceilings on recoverable damages.

31. Ford hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such defense.

BA2DOCS1/314292

32. Ford intends to rely upon and reserves the right to assert other and related defenses, as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state or jurisdiction other than the District of Columbia.

WHEREFORE, Defendant Ford requests:

(a) that the Complaint be dismissed with prejudice;

(b) that Plaintiff takes nothing by the Complaint;

(c) that Ford be awarded its costs, disbursements, attorneys' fees, and expenses incurred herein; and

(d) that Ford be awarded such other and further relief as the Court may deem proper.

Respectfully submitted,

_____/s/_____
John A. McCauley (Bar No. 460217)
Venable LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201
(410) 244-7400 (tel)
(410) 244-7742 (fax)
jmccauley@venable.com

Attorney for Defendant,
*Ford Motor Company*

-9-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of April, 2007 a copy of the foregoing Answer to Complaint was mailed, first class, postage prepaid to:

>David H. Dupree
>3837 Bonnie View
>Knoxville, TN 37914
>
>Plaintiff, Pro Se

_____/s/_____
John A. McCauley